CORBET v. UNION DIME SAVINGS INST.

(Supreme Court, Appellate Term. April 11, 1910.)

1. APPEAL AND ERROR (§ 113*)—APPEALABLE ORDERS—RESETTLED ORDER.
    An order which is a resettlement of an original order is the only order appealable, and an appeal from the original order will be dismissed.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 782; Dec. Dig. § 113.*]

2. EVIDENCE (§ 198*)—PHOTOGRAPHS OF HANDWRITING—ADMISSIBILITY.
    Where handwriting is photographed, and the photographs are used as evidence, the accuracy of the photographs must be shown before they can be admitted in evidence, or testimony based on them received.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 682; Dec. Dig. § 198.*]

3. DISCOVERY (§ 106*)—INSPECTION OF WRITINGS—EXTENT OF INSPECTION.
    One suing a bank for a deposit, and alleging that drafts paid by the bank are forgeries, may obtain before trial an order, not only for an inspection of the drafts, but for leave to make photographic copies thereof, subject to the rights of the parties on the trial.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 138; Dec. Dig. § 106.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Valentine Corbet, as president of the Kirrweiler Kranken Unterstutzung Verein of New York, against the Union Dime Savings Institution. From an order granting leave for inspection, but denying leave to make photographic copies of certain papers, and from an order modifying the order, plaintiff appeals. Appeal from original order dismissed, and second order appealed from modified and affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

John Manheimer, for appellant.

Ritch, Woodford, Bovee & Butcher (C. N. Bovee, of counsel), for respondent.

SEABURY, J. Plaintiff appeals from so much of an order as denies him permission to make photographic copies of certain drafts upon which the defendant paid out moneys deposited with it. The order appealed from granted the plaintiff permission to inspect and make copies of the drafts. The second order appealed from is the same as the first, except that it specified the time when such inspection should be made. This latter order was a resettlement of the first order, and is the only order which is now properly before us for review.

This action was brought to recover $940.20, alleged to be the amount of a deposit made with the defendant, with the interest due thereon. The defendant claims that the amount deposited by the plaintiff, less $90.70, has been withdrawn upon the presentation of certain drafts authorized by the plaintiff. The petition for leave to take photographic copies of these drafts alleges that they were forged. In view of the fact that the issue to be litigated in this cause is whether or not these drafts were forged, we think that the plaintiff should not be limited to an inspection and written copy of the drafts, but he should be permitted to make photographic copies of them. Photographic copies of these drafts will facilitate the plaintiff in the preparation of its case for trial, and can in no way prejudice the rights of the defendant.

In all cases where handwriting is photographed, and these photographs are used as evidence, proof must be presented to establish the accuracy of the reproduction before such photographs could be admitted in evidence, or testimony based upon them received. Wigmore on Evidence, § 797. The rights of the parties in this respect can be guarded upon the trial of the action, and we think that no good reason exists why the plaintiff should not be permitted to make photographic copies of these drafts before trial, so that the issue as to whether these drafts were forged may be determined upon the trial without undue delay or danger of surprise to either party.

The appeal from the original order is dismissed, without costs. The second order appealed from is modified, so as to give the plaintiff leave to take photographic copies of the drafts upon two days' notice to the defendant, and, as modified, is affirmed, without costs. All concur.